# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

v.                                                  Civil No. 02-0291 WJ/WWD

ROBERT AND DECLORA ORTEGA,
Individually And On Behalf Of VALERIE
FRANCES ORTEGA, Deceased,

      Defendants/Counter-Plaintiffs.

## MEMORANDUM OPINION AND ORDER STAYING PROCEEDINGS

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss (**Doc. 10-1**) or Stay Proceedings, filed June 7, 2002 (**Doc. 10-2**). According to the general allegations in the complaint, Valerie Frances Ortega was killed as a result of an accident involving a vehicle which was driven by fourteen year-old Nicole Crocker and in which she was a passenger. The underlying dispute concerns the amount of underinsured motorist coverage contained in three automobile insurance policies that were in effect at the time of the accident. A controversy also exists regarding whether State Farm had a duty to obtain a signed rejection form from the Ortegas when they requested an increase in liability coverage without requesting a corresponding increase in UM/UIM coverage.

The jurisdiction in this federal action is based solely on diversity under 28 U.S.C. § 1332. Defendants are the insured seeking a stay or dismissal of Plaintiff's ("State Farm") complaint for a declaratory judgment involving the amount of coverage in the policies. Two months after State

Farm filed this action, Defendants Robert and DeClora Ortega filed suit in state district court, alleging state claims of negligence, breach of contract and bad faith.

While diversity of the parties satisfies jurisdictional prerequisites, the exercise of that jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 is a matter committed to the sound discretion of the Court. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 252 (1995)(citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)); *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) (citation omitted). Courts weigh various factors in making this decision, including but not limited to: whether a declaratory action 1) would settle the controversy; 2) would serve a useful purpose in clarifying the legal relations at issue; 3) is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; 4) would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there exists a better or more effective alternative remedy. *See St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10thCir. 1994)).[1]

*Procedural Fencing*

Plaintiff characterizes Defendant's request for dismissal or stay as a tactic to "derail the instant litigation" from the federal forum. However, a review of the alleged facts indicates that State Farm was well aware of the strong possibility that Defendants would sue for the disputed amount of increased coverage. Apparently the parties had initially agreed to accept an undisputed

---

[1] Defendants point to a case which involved this identical issue and which this Court finds useful both in reasoning and guidance, *National Casualty Co. v. Montoya*, Civil No. 99-0450 JC/JHG, Mem. Opin. & Order, Sept. 13, 1999 (see Doc. 20). The facts in the present case lend themselves to a similar resolution.

amount of $50,000.00 subject to further investigation of available coverage. However, Defendants subsequently demanded that State Farm pay the disputed sum of $450,000.00. *Compl., ¶¶ 18-20*. Thus, it would not be a stretch to characterize State Farm's filing of this action for declaratory relief as reactive forum shopping. *See John Deere Ins. Co. et al., v. Smith Lighterage Co., Inc.*, 948 F.Supp. 947, 950 (W.D.Wash. 1996)(noting that the order in which the claims were filed in state and federal court does not dispose of the question of whether reactive forum shopping is present, even if no case is pending in state court).[2]

Nor can much consideration be given to the fact that Plaintiff's action in federal court was filed first. The real question for the court "is not which action was commenced first but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict." *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Freeport-McMoran, Inc.*, 767 F.Supp. 568, 573 (D.Del. 1991) (quotation omitted); *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (although federal case was filed first, court refused to exercise over declaratory judgment action based on existence of more effective parallel state proceeding); *Graceland College for Prof. Development & Life-Long learning, Inc., v. Intellectual Equities, Inc.*, 942 F.Supp. 1404, 1405 (D.Kan. 1996) (although first suit filed generally has priority, circumstances can justify giving priority to the later-filed action) (citation omitted).

---

[2] The court in *John Deere* noted that the record supported the conclusion that plaintiffs knew the insured intended to file suit in state court in the event the dispute over coverage required litigation). 948 F.Supp. 947, 950.

*Federal/State Relations*

Because state law clearly governs the determination of all the parties' substantive claims, federal interest in this case is low. All of Defendants' claims of contract, negligence and bad faith are grounded in New Mexico law. Plaintiff's claims in this declaratory judgment action are presented in the form of a counterclaim in the state action. *See Attachment to Supp. to Defts' Motion to Dismiss or Stay Proceedings*.

A New Mexico state court would have a higher interest in resolving such claims. *See National Union Fire Insurance Co. of Pittsburgh, Pa. v. Freeport-McMoran, Inc.*, 767 F.Supp. 568, 571 (D.Del. 1991); *John Deere Ins. Co. et al.*, 948 F.Supp. at 949 (noting that the court's analysis was tilted toward abstention in diversity case because federal courts' interest in a case is at its lowest when sitting in diversity) (citing *Continental Casualty Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grds. by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). A stay or dismissal would avoid encroaching upon state court interests as well as duplicative litigation. *See National Union*, at 571; *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (district court should avoid needless determination of state law issues and duplicative litigation, and should discourage litigants from filing declaratory actions as a means of forum shopping).

*Better or more effective alternative remedy*

All parties, in the federal action are also named in the state action. State Farm would not be prejudiced by having the issues presented in their request for declaratory judgment handled in state court, since Plaintiff's interests in this federal action are represented in a counterclaim in the state case. *Cmp., State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d at 983 (district court did

4

not abuse discretion in hearing declaratory judgment action where insurer was not, nor could have been made, party to state tort action). Defendants' bad faith claims, are not -- as Plaintiff contends -- premature. The state court could easily decide to address matters of coverage amount raised in the counterclaim as a separate or initial matter in the state proceeding, should it find that those issues are determinative of, or critical to, the other substantive claims. Moreover, Defendants' breach of contract case would effectively resolve the same issues as those in the federal action. Allowing the federal case to proceed would result in piecemeal litigation. *See St. Paul*, 53 F.3d at 1170 (quoting *Kunkel*, 866 F.2d 1269 at 1276).

Defendants also contend that the State Farm agent who sold the policies to the Ortega, Ronald B. Sanders, and the Ronald B. Sanders Insurance Agency, are necessary parties to the litigation. These parties, who are apparently New Mexico residents, are named in the state action, but are not parties in the federal lawsuit. Given my disposition on the instant motion, I need not decide whether these two parties are in fact necessary and indispensable parties under Fed. R.Civ. P. 19.[3]

In the declaratory judgment context, the "normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. Relying on that principle, I find that the relevant factors weigh against this Court exercising its declaratory judgment power. Recognizing there may be a

---

[3] Whether all the necessary parties have been joined and whether such parties are amenable to process in the state proceeding are considerations in determining whether a district court should exercise discretion over a declaratory judgment action proceeding. *Brillhart*, 316 U.S. at 495 (cited in *National Union Fire Insurance Co. of Pittsburgh, Pa. v. Freeport-McMoran, Inc.*, 767 F.Supp. 568, 573 (D.Del. 1991)).

risk of a time bar should the state case fail to resolve the matter, I find that a stay of the federal action is preferable to dismissal.[4] *Wilton*, 515 U.S. at 288 n.2.  Otherwise, there is little practical difference between the two, since parties will be bound by the state court decision under principles of *res judicata*.  *Id.*, 515 U.S. at 288 n.2.

**THEREFORE**,

**IT IS ORDERED** that Defendants' Motion to Dismiss or Stay Proceedings **(Doc. 10-1 and 10-2)**, is hereby GRANTED IN PART AND DENIED IN PART as follows:  Defendants' Motion to Dismiss  **(Doc. 10-1)** is DENIED, and Defendants' Motion to Stay Proceedings **(Doc. 10-2)** is GRANTED.[5]

_____
UNITED STATES DISTRICT JUDGE

---

[4] Defendants' request for dismissal may be revisited in the event proceedings in this declaratory judgment action resume.

[5] Plaintiff has raised issues of improper state forum, which I decline to address as it does not affect my ruling on the merits of this motion.